UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
ERIC C.T.,

|  |  |
|---|---|
| Plaintiff, | <u>DECISION AND ORDER</u> |
|  | 1:23-cv-00996-GRJ |

     v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In July of 2020, Plaintiff Eric C.T.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by The DeHaan Law Firm, P.C., John W. DeHaan, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8).

This case was referred to the undersigned on January 3, 2024. Presently pending is Plaintiff's Motion for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 17). For

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

the following reasons, Plaintiff's motion is due to be granted and this case
is remanded for further administrative proceedings.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on July 16, 2020, alleging disability
beginning January 16, 2020. (T at 236-44).[2]  Plaintiff's application was
denied initially and on reconsideration.  He requested a hearing before an
Administrative Law Judge ("ALJ").  A hearing was held on November 16,
2021, before ALJ Michael Stacchini. (T at 33-59). Plaintiff appeared with an
attorney and testified. (T at 39-54). The ALJ also received testimony from
Robert Paterwic, a vocational expert. (T at 55-57).

### B.    ALJ's Decision

On April 19, 2022, the ALJ issued a decision denying the application
for benefits. (T at 8-28).  The ALJ found that Plaintiff had not engaged in
substantial gainful activity since January 16, 2020 (the alleged onset date)
and meets the insured status requirements of the Social Security Act
through December 31, 2024. (T at 13).

The ALJ concluded that Plaintiff's rotator cuff tear of the right
shoulder, knee chondromalacia and meniscus tear with internal

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

derangement, obesity, and right wrist TFCC tear were severe impairments as defined under the Act. (T at 14).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 14).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: he can perform no more than occasional climbing of ramps and stairs; no climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; and he is limited to frequent reaching with the right upper extremity, with only occasional reaching overhead. (T at 15).

The ALJ concluded that Plaintiff could not perform his past relevant work as a corrections officer. (T at 22).  However, considering Plaintiff's age (50 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 22-23).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between January 16, 2020 (the alleged onset date) and April 19, 2022 (the date of the ALJ's decision). (T at 23).  On December 9, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-7).

### C.    Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on February 6, 2023. (Docket No. 1).  On September 14, 2023, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 17, 18).  The Commissioner interposed a brief in opposition to the motion and in support of the denial of benefits, on November 6, 2023. (Docket No. 20).  On November 30, 2023, Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 21).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial

evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she

lacks the ability "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...."  42 U.S.C. §

423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a

five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is
> currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has
> a "severe impairment" which limits his or her mental or physical
> ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner
> must ask whether, based solely on medical evidence, claimant
> has an impairment listed in Appendix 1 of the regulations. If the
> claimant has one of these enumerated impairments, the
> Commissioner will automatically consider him disabled, without
> considering vocational factors such as age, education, and
> work experience.
>
> 4. If the impairment is not "listed" in the regulations, the
> Commissioner then asks whether, despite the claimant's severe
> impairment, he or she has residual functional capacity to
> perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises three main arguments in support of his request for reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed.  Second, he challenges the ALJ's RFC determination.  Third, Plaintiff asserts that the ALJ did not give proper consideration to his subjective complaints.  This Court will address each argument in turn.

A.    Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at \*14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's application for benefits was filed after that, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

8

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, the ALJ considered limitations assessed by Dr. Louis Rose, Plaintiff's long-term treating orthopedic surgeon, in treatment notes during the relevant time period.

In July of 2020, Dr. Rose noted pain and decreased range of motion in Plaintiff's right shoulder, right knee, and right hand, elbow, and wrist. (T at 568).  He characterized Plaintiff's impairment as permanent and

cautioned Plaintiff against any impact or significant forceful extending and bending of his right shoulder, knee, and wrist.  (T at 571).  Dr. Rose opined that Plaintiff could not perform any kneeling, squatting, overhead lifting, pushing, or pulling. (T at 571).  He also found that Plaintiff could not engage in sudden rotation of his head and recommended that Plaintiff elevate his right knee above heart level. (T at 571).

In February of 2021 and December of 2021, Dr. Rose again recommended that Plaintiff avoid any impact or significant forceful extending and bending of his right shoulder, knee, and wrist.  (T at 809, 837).  In October of 2021 and March of 2022, Dr. Rose repeated this recommendation, along with his assessment that Plaintiff cannot kneel, squat, lift overhead, push, or pull. (T at 833, 841).

The ALJ found Dr. Rose's statements "not persuasive." (T at 21).

For the reasons discussed below, the Court finds that the ALJ failed to provide a sufficient explanation to support this aspect of his decision.

The ALJ faulted Dr. Rose for failing to support his findings with "references to the medical record…." (T at 21).  In other words, Dr. Rose's statements were discounted because the ALJ found that they were not supported by citations to clinical findings.

This conclusion is problematic in two respects.

First, the limitations assessed by Dr. Rose are contained in treatment notes that contain the supporting clinical findings the ALJ said were lacking. Throughout the period at issue, in addition to providing his assessment of Plaintiff's limitations, Dr. Rose documented the results of his contemporaneous clinical examinations, including ongoing significant pain in Plaintiff's right shoulder, right knee, and right elbow (T at 806, 810, 831, 835-36, 839-40) and restricted range of motion, decreased strength, swelling, and tenderness in these areas. (T at 808-809, 832-33, 836-37, 840-41).

Second, given Dr. Rose's specialty in orthopedics and long-term treating relationship with Plaintiff, to the extent the ALJ believed the assessments were insufficiently supported, the ALJ was obliged to re-contact the physician for clarification. *See Plaza v. Comm'r of Soc. Sec.*, No. 19CV3853 (DF), 2020 WL 6135716, at *23 (S.D.N.Y. Oct. 16, 2020)(finding that ALJ erred when he "substituted his lay opinion for that of the treating physician without first re-contacting the treater for clarification of any perceived inconsistencies between the doctor's opinions and the underlying clinical record"); *see also* 20 C.F.R. § 404.1520c ("The … opinion … of a medical source who has received advanced education and training to become a specialist may be more persuasive about medical

issues related to his or her area of specialty than the … opinion … of a medical source who is not a specialist in the relevant area of specialty.); *Nicole V. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01099-TPK, 2022 WL 1134485, at *4 (W.D.N.Y. Apr. 18, 2022)(noting that, under new medical opinion standard, the ALJ must "must seriously consider … the specialization of the source").

The ALJ referenced other medical opinion evidence as a further reason for rejecting the limitations assessed by Dr. Rose.  (T at 21-22).

As explained further below, this also is not sufficient to sustain the ALJ's decision, even under the deferential standard of review applicable here.

Dr. Kautilya Puri performed a consultative examination on November 4, 2020.  Dr. Puri opined that Plaintiff had mild limitations "to his gait and to his activities of daily living," and mild limitations for squatting, bending, stooping, kneeling, and reaching overhead. (T at 801). Dr. Puri assessed mild-to-moderate limitation with respect to Plaintiff's ability to lift weights with his right upper extremity. (T at 801). Dr. Puri found that Plaintiff had no limitations regarding his fine and gross motor skills. (T at 801).

The Commissioner cites Dr. Puri's opinion as supportive of the ALJ's denial of benefits.  Notably, however, the ALJ did not state whether and to

what extent he found Dr. Puri's assessment persuasive.  Indeed, he described Dr. Puri's report as "vague in terms of articulating [Plaintiff's] functional limitations." (T at 21).  Moreover, the Second Circuit has consistently "cautioned that ALJs should not rely heavily on the findings of consultative physicians after a single examination." *Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013)(citing *Cruz v. Sullivan*, 912 F.2d 8, 13 (2d Cir.1990)); *see also Rucker v. Kijakazi*, 48 F.4th 86, 94 (2d Cir. 2022)(collecting cases).

Dr.  Paul Mercurio performed a consultative examination on April 29, 2021. He opined that Plaintiff had no limitation with respect to sitting and handling objects, and mild limitations for prolonged standing and repetitive bending or lifting. (T at 825). Dr. Mercurio assessed moderate limitation with respect to Plaintiff's ability to engage in prolonged walking and climbing stairs. (T at 825).  He opined that Plaintiff had marked limitation regarding carrying or kneeling. (T at 825). Dr. Mercurio found that Plaintiff had a mild limitation for reaching, with marked limitation for overhead reaching with the right arm. (T at 825).

The ALJ found Dr. Mercurio's opinion "partially persuasive." (T at 21). The ALJ credited the mild to moderate limitations indicated by the

consultative examiner but discounted his assessment of marked limitation as to carrying, kneeling, and overhead reaching. (T at 21).

When reaching this conclusion, there is no discussion in the ALJ's written decision that the ALJ considered the significant consistency between the opinions of Dr. Mercurio and Dr. Rose, both of whom assessed marked or complete limitation with respect to overhead reaching and kneeling.  This was error. *See Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *7 (D. Vt. July 14, 2020)("Moreover, the ALJ should have considered that the opinions of Stephens and Dr. Lussier are consistent with each other."); *Malia Ann B. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2838054, at *7 (N.D.N.Y. Feb. 23, 2023), *report and recommendation adopted*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2623865 (N.D.N.Y. Mar. 24, 2023)(collecting cases holding that "the ALJ is obligated to discuss the consistency of a medical opinion with the other evidence in the record, which necessarily includes other medical opinions").

In November of 2020, Dr. T. Schmidt-Deyoung, a non-examining State Agency review physician, opined that Plaintiff could occasionally lift and carry up to 20 pounds, frequently lift and carry up to 10 pounds, sit for about six hours, and stand and/or walk for about six hours in eight-hour

workday. (T at 67-68). Dr. Schmidt-Deyoung assessed that Plaintiff could frequently balance and stoop, and occasionally kneel, crouch, crawl, and climb. (T at 68). Dr. Schmidt-Deyong concluded that Plaintiff was limited in right overhead reaching. (T at 69).  In May of 2021, Dr. M. Vazquez-Gonzalez, another State Agency review physician, affirmed Dr. Schmidt-Deyong's assessment. (T at 89).

The ALJ found these assessments "generally persuasive." (T at 20). However, other than general references to his lay reading of the record, the ALJ did not adequately account for the contradiction between the State Agency opinions and the assessments of two physicians who treated (Dr. Rose) and examined (Dr. Mercurio) Plaintiff.

The ALJ was obliged to provide a detailed analysis, supported by evidentiary citations, to explain why he found the outlier opinions better supported and more consistent with the record. *See, e.g., Raymond M. v. Comm'r of Soc. Sec*., No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *9 (N.D.N.Y. Feb. 22, 2021)("With respect to consistency, the ALJ should have addressed the fact that Dr. Ferrin's opinion was an outlier among the medical opinions of record."); *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 885 (D. Vt. 2021)("The new regulations cannot be read as a blank check giving

ALJs permission to rely solely on agency consultants while dismissing treating physicians in a conclusory manner.").

Moreover, the State Agency review physicians reviewed an incomplete record, which did not include more than a year's worth of progress notes, clinical findings, and functional assessments from Dr. Rose, Plaintiff's treating orthopedic surgeon. (T at 826-44). *See Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *8 (D. Vt. July 14, 2020)("Naturally, if nonexamining agency consultants have reviewed only part of the record, their opinions 'cannot provide substantial evidence to support the ALJ's [RFC] assessment if later evidence supports the claimant's limitations.'")(citations omitted).

For these reasons a remand is required for proper consideration of the medical opinion evidence.

B.    RFC

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis."  *Melville*, 198 F.3d at 52 (quoting SSR 96-8p).  When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and make a determination

based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2).

Here, the ALJ found that Plaintiff retained the RFC to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: no more than occasional climbing ramps and stairs; no climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; frequent reaching with the right upper extremity, with only occasional reaching overhead. (T at 15).

Plaintiff argues that the ALJ erred in determining that he could perform a range of light work before fully assessing his work-related abilities on a function-by-function basis.

It is well-settled that before determining a claimant's RFC based on exertional levels (sedentary, light, medium, heavy, or very heavy), the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a *function-by-function basis*." *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (emphasis added) (internal quotation marks omitted); *see also* 20 C.F.R. §§ 404.1545, 416.945.

The work-related functions include physical abilities (standing, sitting, walking, lifting, carrying, pushing, pulling), mental abilities (understanding,

remembering, carrying out instructions, and responding to supervision), and other abilities that may be impacted by impairments (seeing, hearing, ability to tolerate environmental factors). *See* SSR 96-8P; *see also* 20 C.F.R. § 404.1545(b)-(d); id. § 416.945; *Cichocki*, 729 F.3d at 176.

The Second Circuit has not adopted a *per se* rule requiring remand in cases where ALJ did not provide an "explicit" function-by-function analysis. *See Cichocki*, 729 F.3d at 176; *compare Burrows v. Barnhart*, No. 3:03CV342, 2007 WL 708627, at *13 (D. Conn. Feb. 20, 2007)("[a]lthough a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce [ ] a detailed statement in writing"), *with McMullen v. Astrue*, No. 5:05-cv-1484, 2008 WL 3884359, at *6 (N.D.N.Y. Aug. 18, 2008) (remanding because "the ALJ erred in determining that Plaintiff could do light work before fully assessing his work-related abilities on a function-by-function basis").

Rather, the Circuit has said that "remand may be appropriate ... where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Cichocki*, 729 F.3d at 177.

Here, the ALJ failed to assess Plaintiff's capacity to perform relevant functions, despite contrary evidence in the record (including several assessments from his long-term treating orthopedic surgeon), and with inadequacies in his analysis, as outlined above, that frustrate meaningful review.  A remand is appropriate. *See Gomez v. Saul*, No. 1:19-CV-04708 (ALC), 2021 WL 1172674, at *13 (S.D.N.Y. Mar. 29, 2021).

C.    *Credibility*

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec*., 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light

of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979)).

The ALJ follows a two-step process in evaluating a claimant's credibility.  First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3)

precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's credibility, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows: He has not worked since his alleged onset date of January 16, 2020. (T at 39). He has injuries to his right shoulder and knee, with knee and shoulder surgery in 2017 and 2018. (T at 46-47).  He cannot lift heavy objects and cannot extend his arm over chest level. (T at 49.) He cannot stand for prolonged periods. (T at 49). Rotating his right-hand causes wrist pain. (T at 49). He wears knee braces when he goes outside. (T at 52)

Plaintiff can lift 10 to 15 pounds at most and cannot sit for more than 30 minutes.  (T at 53).  He can stand in one position for "[m]aybe 10 to 15 minutes." (T at 53). He experiences numbness and tingling. (T at 54). Plaintiff elevates his knee "pretty often just to ease up the tension that's in the leg." (T at 54).  He walks for about 15 minutes but stops when his knee starts hurting. (T at 43-44).  He cannot perform any overhead exercises. (T at 44.)

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 16).

The ALJ's credibility determination must also be revisited on remand. The ALJ found Plaintiff's subjective complaints inconsistent with "the longitudinal evidence." (T at 16).  However, Plaintiff's complaints are supported by the assessments of his treating orthopedic surgeon and, in part, by the opinion of a consultative examiner.  As discussed above, the ALJ erred in considering those opinions, which, in turn, undermines his decision to discount Plaintiff's subjective complaints.

In addition, there is no indication that the ALJ considered Plaintiff's extended work history, which included 15 years of service as a corrections

office and multiple returns to employment following work-related injuries.

(T at 323-30, 333, 335, 348-67, 372, 376-78, 385-429, 432-503, 510).

This was error. *See Rivera v. Schweiker*, 717 F.2d 719, 725 (2d

Cir.1983) ("A claimant with a good work record is entitled to substantial

credibility when claiming an inability to work because of a disability.");

*Bialek v. Astrue*, No. 11-CV-5220 FB, 2013 WL 316165, at *4 (E.D.N.Y.

Jan. 28, 2013)("The ALJ should have afforded Bialek 'substantial credibility'

in light of his 17–year work history as an emergency medical technician.");

*Hughes v. Colvin*, No. 15-CV-181S, 2017 WL 1088259, at *6 (W.D.N.Y.

Mar. 23, 2017)(noting that "a claimant with an established history of

employment is unlikely to be 'feigning disability'")(citation

omitted)(collecting cases).

   D.   *Remand*

"Sentence four of Section 405 (g) provides district courts with the

authority to affirm, reverse, or modify a decision of the Commissioner 'with

or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d

377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further

administrative proceedings is the appropriate remedy "[w]here there are

gaps in the administrative record or the ALJ has applied an improper legal

standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also*

*Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

For the reasons discussed above, a remand is necessary for proper consideration of the medical opinion evidence, a function-by-function assessment of Plaintiff's RFC, and an appropriate evaluation of Plaintiff's subjective complaints.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 17) is GRANTED, and this case is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of Plaintiff and then close the file.

Dated: February 5, 2024          *s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge