UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
ERIC C.T.,

                Plaintiff,              <u>ORDER</u>
                                        1:23-cv-00996-GRJ

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

      In July of 2020, Plaintiff Eric C.T.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by The DeHaan Law Firm, P.C., John W. DeHaan, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8).

      This case was referred to the undersigned on January 3, 2024. On February 5, 2024, this Court issued a Decision and Order granting Plaintiff judgment on the pleadings and directing remand of the case for further

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

administrative proceedings. (Docket No. 23).  Judgment was entered on that same date. (Docket No. 24).

Presently pending is the Commissioner's Motion to Alter or Amend the Judgment Pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure, filed on February 26, 2024, and supported by a memorandum of law. (Docket Nos. 25, 26). Plaintiff filed a memorandum of law in opposition on February 28, 2024. (Docket No. 27).

For the following reasons, the Commissioner's motion is denied.

## I.  LEGAL STANDARD

A party may move to alter or amend a judgment under Rule 59 (e) of the Federal Rules of Civil Procedure.  "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992)(internal citations omitted).

The Commissioner does not present new evidence or contend that there has been an intervening change of law. The Court therefore analyzes its Decision and Order for clear error of law.

The standard for granting a Rule 59 (e) motion "is strict, and reconsideration will generally be denied unless the moving party can point

2

to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Rafter v. Liddle*, 288 F. App'x, 768, 769 (2d Cir. 2008).

## II.  DISCUSSION

### A.  Remand Decision

Familiarity with this Court's Decision and Order granting Plaintiff judgment on the pleadings and directing a remand (Docket No. 23) is presumed so the Court will not repeat it here.

In its Decision and Order the Court found that the ALJ had erred by failing to give a sufficient explanation for his decision to deem the opinion of Dr. Louis Rose, Plaintiff's long-term treating orthopedic surgeon, "not persuasive."

As part of this analysis, this Court noted that given Dr. Rose's specialty in orthopedics and long-term treating relationship with Plaintiff, to the extent the ALJ believed the physician's assessments were insufficiently supported, he was obliged to re-contact Dr. Rose for clarification.

This Court also concluded that the ALJ erred because he failed to perform a function-by-function assessment of Plaintiff's residual functional

capacity and did not give due consideration to Plaintiff's subjective complaints.

Specifically, the Court directed a remand for "proper consideration of the medical opinion evidence, a function-by-function assessment of Plaintiff's RFC, and an appropriate evaluation of Plaintiff's subjective complaints." (Docket No. 23, at p. 23-24).

B.   *Request to Alter/Amend Decision and Order*

The Commissioner does not challenge the decision to remand. Instead, the Commissioner objects to the decision to the extent the Court mandated the ALJ to obtain an updated opinion from Plaintiff's orthopedic surgeon.

The Commissioner contends that this directive improperly intrudes upon the ALJ's discretion as to how best to resolve inconsistencies and insufficiencies in the record.  In addition, the Commissioner argues that the Court placed undue emphasis on Dr. Rose's treating relationship with Plaintiff and specialty in orthopedics.  The Commissioner asserts that the new standards for evaluating medical opinion evidence de-emphasize these factors in favor of an assessment of consistency and supportability.

The Court finds the Commissioner's arguments unpersuasive.  In the Decision and Order the Court stated that "*to the extent the ALJ believed*

4

*[Dr. Rose's] assessments were insufficiently supported,* the ALJ was obligated to re-contact the physician for clarification." (Docket No. 23, at p. 11(emphasis added).

As a threshold matter, if the ALJ finds on remand that Dr. Rose's assessments are supported by and/or consistent with the treatment record, there would be no need to re-contact him.  This is not an improbable result. As discussed in the Decision and Order, throughout the period at issue, in addition to addressing his assessment of Plaintiff's limitations, Dr. Rose documented findings from contemporaneous clinical examinations, including ongoing significant pain in Plaintiff's right shoulder, right knee, and right elbow (T at 806, 810, 831, 835-36, 839-40) and restricted range of motion, decreased strength, swelling, and tenderness in these areas. (T at 808-809, 832-33, 836-37, 840-41).

With that said, if the ALJ on remand concludes that Dr. Rose's assessments are insufficiently supported and/or inconsistent with the treatment record, the ALJ's duty to develop the record will require him to attempt to re-contact Dr. Rose.[2]

---

[2] If Dr. Rose is unwilling or unable to respond, that is obviously not attributable to the Commissioner.

Notwithstanding the abrogation of the treating physician's rule, the duty to develop the record, which includes re-contacting treating physicians when needed to afford the claimant a full and fair hearing based on an adequately developed record, applies to claims governed by the new Regulations. *See, e.g., Snoke v. Comm'r of Soc. Sec.*, No. 22-CV-3708 (AMD), 2024 WL 1072184, at *9 (E.D.N.Y. Mar. 12, 2024); *Fintz v. Kijakazi*, No. 22-CV-00337(KAM), 2023 WL 2974132, at *7 (E.D.N.Y. Apr. 15, 2023); *Cheryl W. v. Kijakazi*, No. 3:22-CV-1476 (VAB), 2024 WL 1012923, at *5 (D. Conn. Mar. 8, 2024); *Daniela B. v. Kijakazi*, 675 F. Supp. 3d 305, 316 (E.D.N.Y. 2023); *see also Ramos v. Comm'r of Soc. Sec.*, No. 20-CV-9436 (OTW), 2023 WL 3380660, at *2 (S.D.N.Y. May 11, 2023); *Skartados v. Comm'r of Soc. Sec.*, No. 20-CV-3909 (PKC), 2022 WL 409701, at *4 (E.D.N.Y. Feb. 10, 2022).

Lastly, the Commissioner urges a sharp distinction under the new medical opinion review standard between the ALJ's obligation to assess supportability and consistency, on the one hand, and the requirement to consider the physician's treating relationship and specialization, on the other. This distinction is not supported by logic or the law.

Although supportability and consistency are now the most important factors considered when evaluating medical opinions, the ALJ nevertheless

6

remains required to consider the length, frequency, and purpose of the treating relationship. 20 C.F.R. § 404.1520c (3).

Notably, the factors are interrelated. "Even though ALJs are no longer directed to afford controlling weight to treating source opinions—no matter how well supported and consistent with the record they may be—the regulations still recognize the 'foundational nature' of the observations of treating sources, and 'consistency with those observations is a factor in determining the value of any [treating source's] opinion.'" *Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *6 (D. Vt. July 14, 2020)(quoting *Barrett v. Berryhill*, 906 F.3d 340, 343 (5th Cir. 2018)); *see also Harry B. v. Comm'r of Soc. Sec.*, No. 3:20-CV-227 (ATB), 2021 WL 1198283, at *10 (N.D.N.Y. Mar. 30, 2021)("The new regulations restate the factors which have always been used in considering any medical opinion. A treating physician's opinion may still be more persuasive because he or she will have examined the plaintiff more frequently and will presumably have a more substantial relationship with the patient. Thus, although there is no 'special' deference specifically given, the treating relationship is one of the factors to be considered in the analysis under the new regulations."); *Connie P. v. Comm'r of Soc. Sec.*, No. 2:22-CV-196-KJD, 2023 WL 7151084, at *6 (D. Vt. Oct. 31, 2023)(collecting cases).

This also applies to consideration of the physician's specialization. The new Regulations expressly recognize that the "medical opinion or … of a medical source who has received advanced education and training to become a specialist may be *more persuasive* about medical issues related to his or her area of specialty than the medical opinion … of a medical source who is not a specialist in the relevant area of specialty." 20 C.F.R. § 404.1520c (4)(emphasis added); *see Telesco v. Comm'r of Soc. Sec.*, 577 F. Supp. 3d 336, 356 (S.D.N.Y. 2021), *report and recommendation adopted,* No. 20-CV-8376 (MKV), 2022 WL 719271 (S.D.N.Y. Mar. 10, 2022).

## III.  CONCLUSION

For the foregoing reasons, the Commissioner's Motion to Alter or Amend the Judgment Pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure (Docket No. 25) is DENIED.

Dated: March 28, 2024

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge